## George Reilly, Appellant, v. Charles A. Parker, Respondent.

(New York Superior Court — General Term, January, 1895.)

Plaintiff was injured, while carrying building material into a cellar, by falling from a runway composed of a wooden horse and planks, which was shifted by the fellow-servants of plaintiff as the work progressed. Just previous to the accident the servants of an independent contractor undertook, without permission, to carry a heavy timber over the runway, the weight of which caused the legs of the horse to sink in the ground, thereby tilting the horse and causing plaintiff's fall. The timber fell upon him, breaking his ribs. *Held,* that the failure to place a board under the legs of the horse, if negligence, was that of plaintiff's fellow-servants, and was a patent defect of which he took the risk, and that his master was not liable for the injuries caused by the fall of the timber.

Appeal by the plaintiff from judgment entered on dismissal of the complaint.

*George H. Fearons* and *Arthur S. Luria* (*Raphael J. Moses*, of counsel), for appellant.

*Wilson & Wallis* (*Hamilton Wallis*, of counsel), for respondent.

FREEDMAN, J.   This action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.

The plaintiff, while in the employ of the defendant as a hodcarrier, was injured by falling from a so-called runway over which he carried building material into the cellar of a building in process of erection.   The runway consisted of a wooden horse and several planks supported by it, and it was a contrivance which had to be shifted with the progress of the work.   There was no defect in the horse or the planks furnished by the defendant for the purpose.   The placing of them and the shifting of them was regulated by fellow-servants of the plaintiff, and if it was negligence not to place a piece of board under the legs of the horse to prevent it from sinking into the ground, it was, under the circumstances of this case, the negligence of plaintiff's fellow-servants for which the defendant, in the absence of personal participation, of which there is no claim, is not liable.   So, if there was a defect, for the reason stated, it was a patent one and the plaintiff took the risk.   Moreover, the evidence shows that the runway, as constructed, was probably adequate for the purpose for which it was constructed, and that plaintiff's fall from it was caused by its unauthorized and unexpected use by third parties for a business for which it was not intended.   Two employees of a framer, in no wise connected with and in no wise under the control of the defendant, and without the knowledge of or permission from the defendant, undertook to carry a heavy timber across it, and the plaintiff closely followed them.   The extraordinary weight to which the runway was thus subjected caused the legs of one part of the horse to sink into the ground and the horse to tilt, and in consequence thereof the plaintiff fell.   But even that fall would not have materially injured him if the beam had not been there, for the framers, to save themselves, threw the beam off their shoulders, and it

New York Superior Court, January, 1895.      [Vol. 11.

was the beam which fell upon the plaintiff and broke his ribs and otherwise injured him. For this intervention of a third and independent cause the defendant is not liable; under all the circumstances the complaint was properly dismissed.

The judgment should be affirmed, with costs.

McADAM, J., concurs.

Judgment affirmed, with costs.